IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-10079

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDIBERTO AYALA-FERNANDEZ,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Northern District of Texas
(3:96-CR-210)

---

October 24, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Ediberto Ayala-Fernandez appeals from his guilty plea conviction for illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326(a) & (b). We affirm.

Ayala-Fernandez's first argument on appeal is that the district court failed to inquire into the relinquishment of his right of counsel at sentencing or to warn him of the disadvantages of self-representation. Accordingly, he contends his waiver was

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not knowingly and intelligently made.  In this circuit, we do not require a formal colloquy between defendant and trial judge when the defendant waives counsel; rather, district courts must look to the circumstances of the case and the background of the defendant to determine whether the right to counsel was knowingly and voluntarily waived.  See Wiggins v. Procunier, 753 F.2d 1318, 1320 (5th Cir. 1985).  We have reviewed the record and the parties' briefs, and we are convinced that his decision to waive his right to counsel was knowingly and voluntarily made.  See Neal v. Texas, 870 F.2d 312, 314-15 (5th Cir. 1989).  Ayala-Fernandez was thirty-four years old, he had twelve years of education, he had the assistance of an interpreter at sentencing, and he was represented by counsel up through the sentencing.  His decision to waive counsel was a tactical move to enable him to make certain arguments to the trial court that his counsel found meritless.  We find that he knew what he was doing.

Ayala-Fernandez also argues that the district court erred in sentencing him above the two-year statutory term of imprisonment for "simple" illegal reentry as provided for in 8 U.S.C. § 1326(a), because § 1326(b) is a separate offense and, thus, his prior felony conviction is an element which must be alleged in the indictment. We have previously held, however, that a prior felony conviction is not an element of the offense which had to be alleged in the indictment.  See United States v. Vasquez-Olvera, 999 F.2d 943, 944-47 (5th Cir. 1993).

2

AFFIRMED.